FILED

OCT 3 1 2007
OCT. 31, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:07-cv-06144    Document 1    Filed 10/31/2007    Page 1 of 38

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

*JH*

CENTRAL LABORERS' PENSION FUND )
BOARD OF TRUSTEES, )
CENTRAL LABORERS' WELFARE FUND )
BOARD OF TRUSTEES, )
CENTRAL LABORERS' ANNUITY FUND )
BOARD OF TRUSTEES, and )
BARRY McANARNEY, )

Plaintiffs,

v.

MIKE FASULA CONCRETE CONSTRUCTION, INC.,
an Illinois corporation, and
MICHAEL J. FASULA, individually,

Defendants.

**07CV6144
JUDGE CONLON
MAG. JUDGE VALDEZ**

## COMPLAINT

Plaintiffs CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES,

CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL

LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, by and

through their attorneys, Daley and George, Ltd., complaining against Defendants MIKE FASULA

CONCRETE CONSTRUCTION, INC. and MICHAEL J. FASULA, allege as follows:

### COUNT I
### (ERISA COLLECTION / MIKE FASULA CONCRETE CONSTRUCTION, INC.)

1.    This action arises out of the violation of a contract between an employer and a

labor organization, and Plaintiffs seek to enforce the contract to obtain contributions to fringe

benefit funds. Jurisdiction is based on Sections 502 and 515 of the Employee Retirement Income

Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145), as amended, and Section 301 of the

Labor Management Relations Act of 1947 ("LMRA") (29 U.S.C. § 185), as amended, as more

fully described below. Venue is founded pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 185 in the Northern District of Illinois.

2. The CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, and CENTRAL LABORERS' ANNUITY FUND (collectively the "Funds") receive contributions from numerous employers pursuant to collective bargaining agreements (collectively the "Collective Bargaining Agreement") between the employers and the North Central Illinois Laborers' District Council and its affiliated local unions (collectively the "Union"). The Funds are administered in accordance with and pursuant to the provisions of ERISA and other applicable federal and state laws. The Funds are administered pursuant to the terms and provisions of Agreements and Declarations of Trust ("Trust Agreements"). The Funds are employee benefit plans within the meaning of Section 3 of ERISA (29 U.S.C. § 1002(3)).

3. CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES and CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES each consist of: Ed Smith, James Bruner, Chip Reyhan, Jr., Joe Lamb, Charles Adams, Ken Kilian, Steve Morthole, John Holub, John E. Goetz, Danny Maycroft, Glyn Ramage, John R. Taylor, Terry Kipping, John Penn, Frank Hovar, and Brad Shaive. Plaintiff CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES consists of: Tim Garvey, Kenton Day, Greg Neff, Ed Doyle, Scott Larkin, John Peisker, Martin Easterling, Nick Ceretto, Jim Kellus, Steve Trokey, Marc Manuel, and Dale Pickerill. Plaintiff BARRY McANARNEY is the Executive Director of the Funds. All of the individuals named in this paragraph are fiduciaries of the Funds as that term is defined in ERISA and are authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

4. The Union is a labor organization representing employees in an industry affecting commerce as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

2

5.      CENTRAL LABORERS' PENSION FUND is authorized by the local Union District Council to identify and collect delinquent contributions due its affiliated local unions and fringe benefit funds. CENTRAL LABORERS' PENSION FUND is authorized by the Union to identify and collect certain dues due the Union.

6.      MIKE FASULA CONCRETE CONSTRUCTION, INC. is an Illinois corporation doing business in the Northern District of Illinois.    MIKE FASULA CONCRETE CONSTRUCTION, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

7.      MIKE FASULA CONCRETE CONSTRUCTION, INC. became a party to and bound by the Collective Bargaining Agreement by virtue of its executing one or more collective bargaining agreements.    MIKE FASULA CONCRETE CONSTRUCTION, INC. has never terminated the agreements and they remain in effect.

8.      MIKE FASULA CONCRETE CONSTRUCTION, INC. became a party to and bound by the Trust Agreements by virtue of certain provisions contained in the Memorandum of Agreement and by virtue of its executing one or more participation agreements, including but not limited to participation agreements entered into on or about June 13, 2003, July 20, 2004, and September 18, 2006.    Copies of executed participation agreements are attached as Group Exhibit A.

9.      Under the terms of the Collective Bargaining Agreement and Trust Agreements, MIKE FASULA CONCRETE CONSTRUCTION, INC. is required to make contributions to Union fringe benefit funds on behalf of employees performing work covered by the Collective Bargaining Agreement, said contributions to be at the hourly rates indicated in the Collective Bargaining Agreement and Trust Agreements.

10.    MIKE FASULA CONCRETE CONSTRUCTION, INC. has admitted, acknowledged, and ratified the Collective Bargaining Agreement and Trust Agreements by filing report forms with the Funds and by making some (but not all) of the required payments of contributions to the Funds.

11.    In or about February 2007, the Funds conducted an audit of MIKE FASULA CONCRETE CONSTRUCTION, INC. for the period October 1, 2002 through December 31, 2006. A copy of that audit is attached as Exhibit B. The audit revealed that MIKE FASULA CONCRETE CONSTRUCTION, INC. failed and refused to pay all contributions for the following months when due in accordance with the provisions of the Trust Agreements and Collective Bargaining Agreement:

| | |
|---|---|
| Audit Liabilities (10/01/02 – 12/31/06): | **$47,660.10** |
| **Total:** | **$47,660.10** |

12.    Audit costs, for which MIKE FASULA CONCRETE CONSTRUCTION, INC. is liable in accordance with the Trust Agreements, total not less than $873.75.

13.    Based on employer reports, MIKE FASULA CONCRETE CONSTRUCTION, INC. additionally failed and refused to pay all contributions for the following months when due in accordance with the provisions of the Trust Agreements and Collective Bargaining Agreement:

| | |
|---|---|
| **Report Form Shortages (10/96 – Local 32):** | **$1.50** |
| **Report Form Shortages (12/96 – Local 32):** | **$0.30** |
| **Report Form Shortages (06/06 – Local NGB):** | **$32.00** |
| **Total:** | **$33.80** |

14.    The Trust Agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due.

4

15.    Because contributions were not paid when due, MIKE FASULA CONCRETE CONSTRUCTION, INC. incurred 10% penalty assessments in accordance with the Trust Agreements totaling not less than the following:

**Audit Liabilities (10/01/02 – 12/31/06):**..............................**$4,766.01**

**Total:    $4,766.01**

16.    The total amount owed by MIKE FASULA CONCRETE CONSTRUCTION, INC. pursuant to the Trust Agreements is not less than **$53,333.66**, consisting of not less than $47,660.10 in audit liabilities (i.e., delinquent fringe benefit contributions), $33.80 in delinquent fringe benefit contributions; $873.75 in audit costs, and $4,766.01 in late payment penalties.

17.    MIKE FASULA CONCRETE CONSTRUCTION, INC. has failed and refused to pay the amount of $53,333.66 due Plaintiffs.

18.    Plaintiffs have complied with all conditions precedent in bringing this suit.

19.    The Plaintiffs have been required to employ auditors and the undersigned attorneys to compel the audit of the books and records of MIKE FASULA CONCRETE CONSTRUCTION, INC. and to collect the amount due Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that:

A.    Judgment be entered against MIKE FASULA CONCRETE CONSTRUCTION, INC. in favor of Plaintiffs.

B.    MIKE FASULA CONCRETE CONSTRUCTION, INC. be ordered to pay Plaintiffs $53,333.66, plus any additional amount shown to be due pursuant to any subsequent audit.

C.    MIKE FASULA CONCRETE CONSTRUCTION, INC. be ordered and specifically required to perform and continue to perform all obligations it has undertaken.

D.    MIKE FASULA CONCRETE CONSTRUCTION, INC. be ordered to pay

interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E.    Plaintiffs be granted such other and further relief as the Court may deem just.

## COUNT II
## (AGAINST MICHAEL J. FASULA)

1.    This Count I arises from a common nucleus of operative facts with Count I and is pendent to that count.

2. - 20.    Plaintiffs reallege paragraphs 1 - 19 of Count I.

21.    Plaintiffs are advised and believe that MICHAEL J. FASULA is the President, Chief Executive Officer, Chief Financial Officer, and Director of MIKE FASULA CONCRETE CONSTRUCTION, INC. and is in control of the corporation.

22.    Pursuant to the Memorandum of Agreement to which MIKE FASULA CONCRETE CONSTRUCTION, INC. agreed to be bound, where there is any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

23.    Pursuant to the Trust Agreements establishing the Funds, to which MIKE FASULA CONCRETE CONSTRUCTION, INC. agreed to be bound, where there is any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

24.    Plaintiffs are informed and believe that MICHAEL J. FASULA did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the Trust Agreements and the Collective Bargaining Agreement,

making MICHAEL J. FASULA personally liable to the Funds.

25.     All fringe benefit contributions that have not been paid by MIKE FASULA CONCRETE CONSTRUCTION, INC. are assets of the Funds within the meaning of 29 U.S.C. § 1002(21)(A). In exercising authority and control over such assets MICHAEL J. FASULA bears a fiduciary responsibility to the Funds and he has breached his fiduciary responsibility by failing to cause MIKE FASULA CONCRETE CONSTRUCTION, INC. to remit required contributions, making MICHAEL J. FASULA personally liable to the Funds.

26.     There is a unity of interest and ownership between MIKE FASULA CONCRETE CONSTRUCTION, INC. and MICHAEL J. FASULA such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making MICHAEL J. FASULA personally liable to the Funds.

WHEREFORE, Plaintiffs respectfully request that:

A.     Judgment be entered against MICHAEL J. FASULA, individually, in favor of Plaintiffs.

B.     MICHAEL J. FASULA be ordered to pay Plaintiffs $53,333.66, plus any additional amount shown to be due.

C.     MICHAEL J. FASULA be ordered to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D.     MICHAEL J. FASULA be ordered to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E.     Plaintiffs be granted such other and further relief as the Court may deem just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND BOARD OF
TRUSTEES, CENTRAL LABORERS' WELFARE FUND
BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY
FUND BOARD OF TRUSTEES, and BARRY McANARNEY

By _____

One of Their Attorneys

DALEY AND GEORGE, LTD.
20 S. Clark St., Suite 400
Chicago, Illinois 60603
(312) 726-8797

## Pension Fund

Participation Agreement

### Effective May 1, 2006

Hourly Contribution Rate Method

Full-Time Bargaining Unit Alumni Employee Reporting

1. The undersigned **Mike Fasula Concrete Consruction** hereby agrees that this document represents the detailed written Agreement required by the Labor-Management Relations Act to permit the **Central Laborers' Pension Fund** to receive contributions from **Mike Fasula Concrete Consruction** on behalf of Bargaining Unit Alumni Employees employed by **Mike Fasula Concrete Consruction** and to cover said Employees under the **Central Laborers' Pension Plan**.

2. By signing this Agreement **Mike Fasula Concrete Consruction** acknowledges that they have been provided with the Central Laborers' Non-Bargaining Unit Policies and Procedures and will make contributions in accordance with and in compliance with the Non-Bargaining Unit Policies and Procedures and all applicable requirements of Section 401(a) of the Internal Revenue Code. In the event **Mike Fasula Concrete Consruction** has any Highly Compensated Employees, then **Mike Fasula Concrete Consruction** agrees to demonstrate to the **Central Laborers' Pension Fund** at least annually, by certification by attorney, actuary or certified public accountant, compliance with the minimum coverage rules set forth in Revenue Procedure 93-42, including appropriate information based on **Mike Fasula Concrete Consruction**'s substantiation quality data showing compliance with one or more of the following tests: the ratio percentage test, the special test, and/or the average benefit test.

3. **Mike Fasula Concrete Consruction** hereby agrees to pay contributions to the **Central Laborers' Pension Fund** in the amount of <u>$5.33</u> on behalf of each of its Reportable Employees for each hour actually worked for which reasonable income is received.

4. For the purpose of this Participation Agreement a Reportable Employee shall be any Bargaining Unit Alumni Employee who works more than <u>999</u> hours in the Plans fiscal year.



Plaintiff's "A"
Exhibit's

5.  It is agreed that all contributions shall be made at such time and in such manner as the Trustees require; and the Trustees shall have the authority to audit the payroll and wage records of the undersigned **Mike Fasula Concrete Consruction** for the purpose of determining the accuracy of contributions to the **Pension Fund. If Mike Fasula Concrete Consruction** is found not to have made the required contributions, the Trustees shall have the right to take whatever steps are necessary to secure compliance with this Participation Agreement including terminating the Agreement and future participation of **Mike Fasula Concrete Consruction**

6.  **Mike Fasula Concrete Consruction** hereby agrees that it will be bound by the provisions of the **Central Laborers' Pension Fund Agreement and Declaration of Trust.** Employees of **Mike Fasula Concrete Consruction** shall be considered Employees under the **Central Laborers' Pension Plan Rules and Regulations** and subject to all the provision thereof.

7.  This Agreement shall continue in effect until either the Trustees of the **Central Laborers' Pension Fund** or an authorized representative of **Mike Fasula Concrete Consruction** gives notice of termination. Such notice must be in writing and shall be effective the first day of the month following the month in which it is received by the **Central Laborers' Pension Fund** if **Mike Fasula Concrete Consruction** elects to terminate, or as of the first day of the month following the month said notice is sent, if the Trustees elect to terminate.

**Mike Fasula Concrete Construction**
7832 Burden Road
Machesney Park, IL 61115

BY _____
    Authorized Representative

Date 9-18-06

**Central Laborers' Pension Fund**
Board of Trustees

BY _____
    Barry McAnarney
    Executive Director

Date 9/25/06

<u>**Welfare Fund**</u>

<u>Participation Agreement</u>

<u>**Effective May 1, 2006**</u>

Hourly Contribution Rate Method

Full-Time Bargaining Unit Alumni Employee Reporting

1.   The undersigned **Mike Fasula Concrete Construction** hereby agrees that this document represents the detailed written Agreement required by the Labor-Management Relations Act to permit the **Central Laborers' Welfare Fund** to receive contributions from **Mike Fasula Concrete Construction** on behalf of Bargaining Unit Alumni Employees employed by **Mike Fasula Concrete Construction** and to cover said Employees under the **Central Laborers' Welfare Plan**.

2.   By signing this Agreement **Mike Fasula Concrete Construction** acknowledges that they have been provided with the Central Laborers' Non-Bargaining Unit Policies and Procedures and will make contributions in accordance with and in compliance with the Non-Bargaining Unit Policies and Procedures and all applicable requirements of Section 401(a) of the Internal Revenue Code. In the event **Mike Fasula Concrete Construction** has any Highly Compensated Employees, then **Mike Fasula Concrete Construction** agrees to demonstrate to the **Central Laborers' Welfare Fund** at least annually, by certification by attorney, actuary or certified public accountant, compliance with the minimum coverage rules set forth in Revenue Procedure 93-42, including appropriate information based on **Mike Fasula Concrete Construction's** substantiation quality data showing compliance with one or more of the following tests: the ratio percentage test, the special test, and/or the average benefit test.

3.   **Mike Fasula Concrete Construction** hereby agrees to pay contributions to the Central Laborers' Welfare Fund in the amount of <u>$4.70</u> on behalf of each of its Reportable Employees for each hour actually worked for which reasonable income is received.

4.   For the purpose of this Participation Agreement a Reportable Employee shall be any Bargaining Unit Alumni Employee who works more than <u>999</u> hours in the Plans fiscal year.

5.   It is agreed that all contributions shall be made at such time and in such manner as the Trustees require; and the Trustees shall have the authority to audit the payroll and wage records of the undersigned **Mike Fasula Concrete Construction** for the purpose of determining the accuracy of contributions to the **Welfare Fund**. If **Mike Fasula Concrete Construction** is found not to have made the required contributions, the Trustees shall have the right to take whatever steps are necessary to secure compliance with this Participation Agreement including terminating the Agreement and future participation of **Mike Fasula Concrete Construction**

6.   **Mike Fasula Concrete Construction** hereby agrees that it will be bound by the provisions of the **Central Laborers' Welfare Fund Agreement and Declaration of Trust**. Employees of **Mike Fasula Concrete Construction** shall be considered Employees under the **Central Laborers' Welfare Plan Rules and Regulations** and subject to all the provision thereof.

7.   This Agreement shall continue in effect until either the Trustees of the **Central Laborers' Welfare Fund** or an authorized representative of **Mike Fasula Concrete Construction** gives notice of termination. Such notice must be in writing and shall be effective the first day of the month following the month in which it is received by the **Central Laborers' Welfare Fund** if **Mike Fasula Concrete Construction** elects to terminate, or as of the first day of the month following the month said notice is sent, if the Trustees elect to terminate.

**Mike Fasula Concrete Construction**
7832 Burden Road
Machesney Park, IL 61115

BY _____
        Authorized Representative

Date ___9- 18 - 06___

**Central Laborers' Welfare Fund**
**Board of Trustees**

BY _____
        Barry McAnarney
        Executive Director

Date ___9/25/06___

### Pension Fund

Participation Agreement

Effective May 1, 2004

Hourly Contribution Rate Method

Full-Time Bargaining Unit Alumni Employee Reporting

1.   The undersigned **Mike Fasula Concrete Construction** hereby agrees that this document represents the detailed written Agreement required by the Labor-Management Relations Act to permit the **Central Laborers' Pension Fund** to receive contributions from **Mike Fasula Concrete Construction** on behalf of Bargaining Unit Alumni Employees employed by **Mike Fasula Concrete Construction** and to cover said Employees under the **Central Laborers' Pension Plan**.

2.   By signing this Agreement **Mike Fasula Concrete Construction** acknowledges that they have been provided with the Central Laborers' Non-Bargaining Unit Policies and Procedures and will make contributions in accordance with and in compliance with the Non-Bargaining Unit Policies and Procedures and all applicable requirements of Section 401(a) of the Internal Revenue Code.  In the event **Mike Fasula Concrete Construction** has any Highly Compensated Employees, then **Mike Fasula Concrete Construction** agrees to demonstrate to the **Central Laborers' Pension Fund** at least annually, by certification by attorney, actuary or certified public accountant, compliance with the minimum coverage rules set forth in Revenue Procedure 93-42, including appropriate information based on **Mike Fasula Concrete Construction's** substantiation quality data showing compliance with one or more of the following tests: the ratio percentage test, the special test, and/or the average benefit test.

3.   **Mike Fasula Concrete Construction** hereby agrees to pay contributions to the Central Laborers' **Pension Fund** in the amount of **$4.00** on behalf of each of its Reportable Employees for each hour actually worked for which reasonable income is received.

4.   For the purpose of this Participation Agreement a Reportable Employee shall be any Bargaining Unit Alumni Employee who works more than **999** hours in the Plans fiscal year.

5.  It is agreed that all contributions shall be made at such time and in such manner as the Trustees require; and the Trustees shall have the authority to audit the payroll and wage records of the undersigned **Mike Fasula Concrete Construction** for the purpose of determining the accuracy of contributions to the **Welfare Fund**. If **Mike Fasula Concrete Construction** is found not to have made the required contributions, the Trustees shall have the right to take whatever steps are necessary to secure compliance with this Participation Agreement including terminating the Agreement and future participation of **Mike Fasula Concrete Construction**

6.  **Mike Fasula Concrete Construction** hereby agrees that it will be bound by the provisions of the **Central Laborers' Welfare Fund Agreement and Declaration of Trust**. Employees of **Mike Fasula Concrete Construction** shall be considered Employees under the **Central Laborers' Welfare Plan Rules and Regulations** and subject to all the provision thereof.

7.  This Agreement shall continue in effect until either the Trustees of the **Central Laborers' Welfare Fund** or an authorized representative of **Mike Fasula Concrete Construction** gives notice of termination. Such notice must be in writing and shall be effective the first day of the month following the month in which it is received by the **Central Laborers' Welfare Fund** if **Mike Fasula Concrete Construction** elects to terminate, or as of the first day of the month following the month said notice is sent, if the Trustees elect to terminate.

**Mike Fasula Concrete Construction**
**7832 Burdon Road**
**Machesney Park, IL 61115**

BY _____
       Authorized Representative

Date _____7-20-04_____

**Central Laborers' Welfare Fund**
**Board of Trustees**

BY _____
       Chairman

BY _____
       Secretary

Date _____



### Welfare Fund

Participation Agreement

Effective May 1, 2004

Hourly Contribution Rate Method

Full-Time Bargaining Unit Alumni Employee Reporting

1.  The undersigned **Mike Fasula Concrete Construction** hereby agrees that this document represents the detailed written Agreement required by the Labor-Management Relations Act to permit the **Central Laborers' Welfare Fund** to receive contributions from **Mike Fasula Concrete Construction** on behalf of Bargaining Unit Alumni Employees employed by **Mike Fasula Concrete Construction** and to cover said Employees under the **Central Laborers' Welfare Plan**.

2.  By signing this Agreement **Mike Fasula Concrete Construction** acknowledges that they have been provided with the Central Laborers' Non-Bargaining Unit Policies and Procedures and will make contributions in accordance with and in compliance with the Non-Bargaining Unit Policies and Procedures and all applicable requirements of Section 401(a) of the Internal Revenue Code. In the event **Mike Fasula Concrete Construction** has any Highly Compensated Employees, then **Mike Fasula Concrete Construction** agrees to demonstrate to the **Central Laborers' Welfare Fund** at least annually, by certification by attorney, actuary or certified public accountant, compliance with the minimum coverage rules set forth in Revenue Procedure 93-42, including appropriate information based on **Mike Fasula Concrete Construction's** substantiation quality data showing compliance with one or more of the following tests: the ratio percentage test, the special test, and/or the average benefit test.

3.  **Mike Fasula Concrete Construction** hereby agrees to pay contributions to the **Central Laborers' Welfare Fund** in the amount of **$4.30** on behalf of each of its Reportable Employees for each hour actually worked for which reasonable income is received.

4.  For the purpose of this Participation Agreement a Reportable Employee shall be any Bargaining Unit Alumni Employee who works more than 999 hours in the Plans fiscal year.

5.  It is agreed that all contributions shall be made at such time and in such manner as the Trustees require; and the Trustees shall have the authority to audit the payroll and wage records of the undersigned **Mike Fasula Concrete Construction** for the purpose of determining the accuracy of contributions to the **Pension Fund.** If **Mike Fasula Concrete Construction** is found not to have made the required contributions, the Trustees shall have the right to take whatever steps are necessary to secure compliance with this Participation Agreement including terminating the Agreement and future participation of **Mike Fasula Concrete Construction**

6.  **Mike Fasula Concrete Construction** hereby agrees that it will be bound by the provisions of the **Central Laborers' Pension Fund Agreement and Declaration of Trust.** Employees of **Mike Fasula Concrete Construction** shall be considered Employees under the **Central Laborers' Pension Plan Rules and Regulations** and subject to all the provision thereof.

7.  This Agreement shall continue in effect until either the Trustees of the **Central Laborers' Pension Fund** or an authorized representative of **Mike Fasula Concrete Construction** gives notice of termination. Such notice must be in writing and shall be effective the first day of the month following the month in which it is received by the **Central Laborers' Pension Fund** if **Mike Fasula Concrete Construction** elects to terminate, or as of the first day of the month following the month said notice is sent, if the Trustees elect to terminate.

**Mike Fasula Concrete Construction**
**7832 Burdon Road**
**Machesney Park, IL 61115**

BY _____
Authorized Representative

Date _____7-20-04_____

**Central Laborers' Pension Fund**
**Board of Trustees**

BY _____
Chairman

BY _____
Secretary

Date _____

**Pension Fund**

Participation Agreement

Effective May 1, 2003

Hourly Contribution Rate Method

Full-Time Bargaining Unit Alumni Employee Reporting

1.  The undersigned **Mike Fasula Concrete Construction** hereby agrees that this document represents the detailed written Agreement required by the Labor-Management Relations Act to permit the **Central Laborers' Pension Fund** to receive contributions from **Mike Fasula Concrete Construction** on behalf of Bargaining Unit Alumni Employees employed by **Mike Fasula Concrete Construction** and to cover said Employees under the **Central Laborers' Pension Plan.**

2.  By signing this Agreement **Mike Fasula Concrete Construction** acknowledges that they have been provided with the Central Laborers' Non-Bargaining Unit Policies and Procedures and will make contributions in accordance with and in compliance with the Non-Bargaining Unit Policies and Procedures and all applicable requirements of Section 401(a) of the Internal Revenue Code.  In the event **Mike Fasula Concrete Construction** has any Highly Compensated Employees, then **Mike Fasula Concrete Construction** agrees to demonstrate to the **Central Laborers' Pension Fund** at least annually, by certification by attorney, actuary or certified public accountant, compliance with the minimum coverage rules set forth in Revenue Procedure 93-42, including appropriate information based on **Mike Fasula Concrete Construction's** substantiation quality data showing compliance with one or more of the following tests: the ratio percentage test, the special test, and/or the average benefit test.

3.  **Mike Fasula Concrete Construction** hereby agrees to pay contributions to the **Central Laborers' Pension Fund** in the amount of **$4.00** on behalf of each of its Reportable Employees for each hour actually worked for which reasonable income is received.

4.  For the purpose of this Participation Agreement a Reportable Employee shall be any Bargaining Unit Alumni Employee who works more than **999** hours in the Plans fiscal year.

5.  It is agreed that all contributions shall be made at such time and in such manner as the Trustees require; and the Trustees shall have the authority to audit the payroll and wage records of the undersigned **Mike Fasula Concrete Construction** for the purpose of determining the accuracy of contributions to the **Pension Fund.** If **Mike Fasula Concrete Construction** is found not to have made the required contributions, the Trustees shall have the right to take whatever steps are necessary to secure compliance with this Participation Agreement including terminating the Agreement and future participation of **Mike Fasula Concrete Construction**

6.  **Mike Fasula Concrete Construction** hereby agrees that it will be bound by the provisions of the **Central Laborers' Pension Fund Agreement and Declaration of Trust.** Employees of **Mike Fasula Concrete Construction** shall be considered Employees under the **Central Laborers' Pension Plan Rules and Regulations** and subject to all the provision thereof.

7.  This Agreement shall continue in effect until either the Trustees of the **Central Laborers' Pension Fund** or an authorized representative of **Mike Fasula Concrete Construction** gives notice of termination. Such notice must be in writing and shall be effective the first day of the month following the month in which it is received by the **Central Laborers' Pension Fund** if **Mike Fasula Concrete Construction** elects to terminate, or as of the first day of the month following the month said notice is sent, if the Trustees elect to terminate.

Mike Fasula Concrete Construction
7832 Burdon Road
Machesney Park, IL  61115

BY _____
Authorized Representative

Date __6 – 13 – 03_____

Central Laborers' Pension Fund
Board of Trustees

BY _____
Chairman

BY _____
Secretary

Date _____



**Welfare Fund**

Participation Agreement

Effective May 1, 2003

Hourly Contribution Rate Method

Full-Time Bargaining Unit Alumni Employee Reporting

1.  The undersigned **Mike Fasula Concrete Construction** hereby agrees that this document represents the detailed written Agreement required by the Labor-Management Relations Act to permit the **Central Laborers' Welfare Fund** to receive contributions from **Mike Fasula Concrete Construction** on behalf of Bargaining Unit Alumni Employees employed by **Mike Fasula Concrete Construction** and to cover said Employees under the **Central Laborers' Welfare Plan.**

2.  By signing this Agreement **Mike Fasula Concrete Construction** acknowledges that they have been provided with the Central Laborers' Non-Bargaining Unit Policies and Procedures and will make contributions in accordance with and in compliance with the Non-Bargaining Unit Policies and Procedures and all applicable requirements of Section 401(a) of the Internal Revenue Code. In the event **Mike Fasula Concrete Construction** has any Highly Compensated Employees, then **Mike Fasula Concrete Construction** agrees to demonstrate to the **Central Laborers' Welfare Fund** at least annually, by certification by attorney, actuary or certified public accountant, compliance with the minimum coverage rules set forth in Revenue Procedure 93-42, including appropriate information based on **Mike Fasula Concrete Construction's** substantiation quality data showing compliance with one or more of the following tests: the ratio percentage test, the special test, and/or the average benefit test.

3.  **Mike Fasula Concrete Construction** hereby agrees to pay contributions to the **Central Laborers' Welfare Fund** in the amount of **$3.60** on behalf of each of its Reportable Employees for each hour actually worked for which reasonable income is received.

4.  For the purpose of this Participation Agreement a Reportable Employee shall be any Bargaining Unit Alumni Employee who works more than **999** hours in the Plans fiscal year.

5.  It is agreed that all contributions shall be made at such time and in such manner as the Trustees require; and the Trustees shall have the authority to audit the payroll and wage records of the undersigned **Mike Fasula Concrete Construction** for the purpose of determining the accuracy of contributions to the **Welfare Fund**. If **Mike Fasula Concrete Construction** is found not to have made the required contributions, the Trustees shall have the right to take whatever steps are necessary to secure compliance with this Participation Agreement including terminating the Agreement and future participation of **Mike Fasula Concrete Construction**

6.  **Mike Fasula Concrete Construction** hereby agrees that it will be bound by the provisions of the **Central Laborers' Welfare Fund Agreement and Declaration of Trust**. Employees of **Mike Fasula Concrete Construction** shall be considered Employees under the **Central Laborers' Welfare Plan Rules and Regulations** and subject to all the provision thereof.

7.  This Agreement shall continue in effect until either the Trustees of the **Central Laborers' Welfare Fund** or an authorized representative of **Mike Fasula Concrete Construction** gives notice of termination. Such notice must be in writing and shall be effective the first day of the month following the month in which it is received by the **Central Laborers' Welfare Fund** if **Mike Fasula Concrete Construction** elects to terminate, or as of the first day of the month following the month said notice is sent, if the Trustees elect to terminate.

**Mike Fasula Concrete Construction**
**7832 Burdon Road**
**Machesney Park, Ill. 61115**

BY _____
        Authorized Representative

Date _6-13-03_____

**Central Laborers' Welfare Fund**
**Board of Trustees**

BY _____
                    Chairman

BY _____
                    Secretary

Date _____

# STATEMENT OF ADDITIONAL
## REPORTABLE HOURS DUE FOR
### MIKE FASULA CONCRETE CONSTRUCTION
#### FOR THE PERIOD
#### OCTOBER 1, 2002 TO DECEMBER 31, 2006



RECEIVED

MAR - 6 2007

Plaintiff's
Exhibit "B"



# ROMOLO & ASSOCIATES

Certified Public Accountants

2428 N. North • Peoria, IL 61604
E-mail: admin@romolocpa.com • Phone 309.682.2001 • Fax 309.682.2045

### *Independent Accountants' Report On Applying Agreed-Upon Procedures*

To the Delinquency Committee
 of Central Laborers' Pension,
 Welfare and Annuity Funds
 Jacksonville, Illinois

At your request we have applied certain agreed upon procedures specified by Central Laborers' Fringe Benefit Funds as described in the attached supplement, to the selected payroll and related records of Mike Fasula Concrete Construction (the Employer) who has agreed to submit their records for the period October 1, 2002 to December 31, 2006. These procedures were designed to determine if the data submitted by the Employer is in compliance with the reporting provisions of the Central Laborers' Pension, Welfare and Annuity Funds Trust Agreements. This engagement to apply agreed-upon procedures was performed in accordance with standards established by the American Institute of Certified Public Accountants. The sufficiency of the procedures is solely the responsibility of the specified users of the report. Consequently, we make no representation generally regarding the sufficiency of the procedures described in the attached supplement either for the purpose for which this report has been requested or for any other purpose.

Because the procedures described in the supplement do not constitute an audit made in accordance with generally accepted auditing standards, we do not express an opinion on any of the accounts or items referred to in this report.

In connection with the above procedures, certain matters came to our attention that caused us to believe that additional Employer contributions, as shown in the summary of amounts due, were due to the Funds in the amount of $47,660.10.

Had we performed additional procedures or had we performed an audit of the financial statements in accordance with generally accepted auditing standards, other matters might have come to our attention that would have been reported to you. This report relates only to the items specified above and does not extend to any financial statements of the Employer taken as a whole.

The Employer is being advised by a copy of this letter that this report is for its review and consideration and that it need not do anything further with regard to the same until it has received a letter from the Pension and/or Welfare Fund advising the employer as to its right to challenge the findings and its obligations and alternatives with regard to payment of any delinquencies.

Page 2

This report is intended solely for the information of the Employer and the Central Laborers' Pension, Welfare and Annuity Funds and should not be used by those who have not agreed to the procedures and taken responsibility for the sufficiency of the procedures for their purposes.

Romolo & Associates
Certified Public Accountants
February 27, 2007

## SUPPLEMENT FOR AGREED UPON PROCEDURES

1.  Obtained a basic understanding of the Employer's payroll and fringe benefit reporting system.

2.  Obtained access to some or all of the following accounting records from the Employer:

    *   Payroll registers
    *   State unemployment tax Forms, UC-3s
    *   Federal payroll tax Forms 941s, 940s, and/or W-2s
    *   Other trades fringe benefit reports
    *   The monthly remittance reports for your Fund

3.  To determine that we were provided with the entire payroll we performed the following procedure:

    *   Agreed gross wages per the Employer's payroll records to its payroll tax returns on a test basis.

4.  In order to determine that all hours for covered work were properly reported to the Funds we performed the following procedures on a test basis for some or all of the employees:

    *   Determined classifications of employees and union affiliation.
    *   Compared hours worked by covered employees to the hours reported on the Employer's monthly remittance reports.
    *   Reported all hours, if applicable, as due for any employee whose occupation could not be determined.

5.  Reviewed findings with the Employer Representative at the conclusion of our procedures and discussed possible delinquencies.

**Mike Fasula Conc Construction**

**TOTAL SUMMARY OF AMOUNTS DUE**

October 1, 2002    To    December 31, 2006

|  | 2002 | 2003 | 2004 | 2005 | 2006 | TOTAL |
|---|---|---|---|---|---|---|
| PENSION | $ - | $ - | $ - | $ 13,508.59 | $ 128.60 | $ 13,636.19 |
| WELFARE NC | $ - | $ - | $ - | $ 21,336.65 | $ 617.18 | $ 21,953.83 |
| ANNUITY NI | $ - | $ - | $ - | $ 4,512.57 | $ - | $ 4,512.57 |
| ANNUITY NI OT | $ - | $ - | $ - | $ 234.93 | $ - | $ 234.93 |
| TRAINING | $ - | $ - | $ - | $ 1,348.84 | $ 5.28 | $ 1,354.12 |
| LECET NC | $ - | $ - | $ - | $ 249.54 | $ - | $ 249.54 |
| MRFFC NC | $ - | $ - | $ - | $ 207.95 | $ - | $ 207.95 |
| ORG NC | $ - | $ - | $ - | $ 166.36 | $ - | $ 166.36 |
| CIAF | $ - | $ - | $ - | $ 686.29 | $ - | $ 686.29 |
| MKT P NC | $ - | $ - | $ - | $ 62.44 | $ - | $ 62.44 |
| VACATION NC | $ - | $ - | $ - | $ 2,183.53 | $ - | $ 2,183.53 |
| WORKING DUES | $ - | $ - | $ - | $ 2,371.50 | $ 40.85 | $ 2,412.35 |
|  |  |  |  |  |  |  |
| TOTAL DUE | $ - | $ - | $ - | $ 46,870.19 | $ 789.91 | $ 47,660.10 |

## Mike Fasula Conc Construction
### SUMMARY OF AMOUNTS DUE - LOCAL 32
October 1, 2002    To    December 31, 2006

|  | 2002 | 2003 | 2004 | 2005 | 2006 | TOTAL |
|---|---|---|---|---|---|---|
| PENSION | | | | $ 8,312.19 | | $ 8,312.19 |
| WELFARE NC | | | | $ 8,889.15 | | $ 8,889.15 |
| ANNUITY NI | | | | $ 3,384.17 | | $ 3,384.17 |
| ANNUITY NI OT | | | | $ 234.93 | | $ 234.93 |
| TRAINING | | | | $ 935.70 | | $ 935.70 |
| LECET NC | | | | $ 187.14 | | $ 187.14 |
| MRFFC NC | | | | $ 155.95 | | $ 155.95 |
| ORG NC | | | | $ 124.78 | | $ 124.78 |
| CIAF | | | | $ 514.69 | | $ 514.69 |
| MKT P NC | | | | $ 46.84 | | $ 46.84 |
| VACATION NC | | | | $ 1,637.53 | | $ 1,637.53 |
| WORKING DUES | | | | $ 1,260.78 | | $ 1,260.78 |
| TOTAL DUE | $ - | $ - | $ - | $ 25,683.83 | $ - | $ 25,683.83 |

## Mike Fasula Conc. Const. CLPWAF
### Unreported Regular Hours
### For period 1/1/2005 - 12/31/2005
#### Local: 32*

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BERG,THOMAS,R, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 47.50 | 155.50 | 91.50 | 285.50 |
| CAMACHO,ERNIE,R, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 64.50 | 67.00 | 58.00 | 189.50 |
| HOLLIMAN,ANTHONY,L,, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 63.50 | 58.50 | 37.00 | 159.00 |
| MENDEZ,MANUEL,,JR, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 64.50 | 64.00 | 20.00 | 148.50 |
| MORTON,RONALD | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 45.50 | 45.50 |
| PACHECO,MAGDALENO, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 68.00 | 58.00 | 2.00 | 128.00 |
| RODRIGUEZ,JESUS,C, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 86.00 | 149.00 | 55.00 | 290.00 |
| SCOTT,L, LIGHTCAP | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 65.50 | 145.50 | 94.50 | 305.50 |
| **Unreported Regular Hours** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 457.50 | 698.50 | 403.50 | 1559.50 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,438.50 | $3,723.02 | $2,150.57 | $8,312.19 |
| WELFARE NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,607.75 | $3,981.45 | $2,299.95 | $8,889.15 |
| ANNUITY NI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $992.80 | $1,515.76 | $875.61 | $3,384.17 |
| TRAINING | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $274.50 | $419.10 | $242.10 | $935.70 |
| LECET NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $54.90 | $83.82 | $48.42 | $187.14 |
| MRFFC NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $45.75 | $69.85 | $40.35 | $155.95 |
| ORG NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $36.60 | $55.88 | $32.28 | $124.76 |
| CIAF | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $151.00 | $230.52 | $133.17 | $514.69 |
| MKT P* NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $13.75 | $20.97 | $12.12 | $46.84 |
| VACATION NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $480.40 | $733.44 | $423.69 | $1,637.53 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $7,095.95 | $10,833.81 | $6,258.36 | $24,188.12 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | |
| WELFARE NC | 5.000 | 5.000 | 5.000 | 5.000 | 5.700 | 5.700 | 5.700 | 5.700 | 5.700 | 5.700 | 5.700 | 5.700 | |
| ANNUITY NI | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | |
| TRAINING | 0.500 | 0.500 | 0.500 | 0.500 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | |
| LECET NC | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | |
| MRFFC NC | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | |
| ORG NC | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | |
| CIAF | 0.000 | 0.000 | 0.000 | 0.000 | 0.330 | 0.330 | 0.330 | 0.330 | 0.330 | 0.330 | 0.330 | 0.330 | |
| MKT P* NC | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | |
| VACATION NC | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | |

Mike Fasula Conc. Const. CLPWAF
Unreported Overtime Hours
For period 1/1/2005 - 12/31/2005
Local: 32*

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BERG,THOMAS,R, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3.00 | 13.00 | 2.00 | 18.00 |
| CAMACHO,ERNIE,R, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6.25 | 3.50 | 1.75 | 11.50 |
| HOLLIMAN,ANTHONY,L, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5.25 | 5.25 | 1.50 | 12.00 |
| MENDEZ,MANUEL,,JR, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5.50 | 5.25 | 0.75 | 11.50 |
| MORTON,RONALD | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1.00 | 1.00 |
| PACHECO,MAGDALENO, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5.50 | 7.25 | 0.00 | 12.75 |
| RODRIGUEZ,JESUS,C, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6.50 | 13.50 | 1.50 | 21.50 |
| SCOTT,L, LIGHTCAP | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6.00 | 12.25 | 1.75 | 20.00 |

## Mike Fasula Conc. Const. CLPWAF
### Unreported Overtime Hours
### For period 1/1/2005 - 12/31/2005
### Local: 32*

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Unreported Overtime Hours for Local: 32* | | | | | | | | | | | | | |
| | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 38.00 | 60.00 | 10.25 | 108.25 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| WELFARE NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ANNUITY NI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $82.47 | $130.20 | $22.28 | $234.93 |
| TRAINING | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| LECET NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| MRFFC NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ORG NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| CIAF | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| MKT P* NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| VACATION NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $82.47 | $130.20 | $22.28 | $234.93 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| WELFARE NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| ANNUITY NI | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | |
| TRAINING | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| LECET NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| MRFFC NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| ORG NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| CIAF | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| MKT P* NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| VACATION NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |

## Mike Fasula Conc. Const. CLPWAF
## Unreported Gross Wages
## For period 1/1/2005 - 12/31/2005
### Local: 32*

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BERG,THOMAS,R, | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,173.62 | $3,939.18 | $2,172.94 | $7,285.74 |
| CAMACHO,ERNIE,R, | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,844.23 | $1,638.42 | $1,388.59 | $4,871.24 |
| HOLLIMAN,ANTHONY,L, | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,597.75 | $1,481.55 | $894.74 | $3,974.04 |
| MENDEZ,MANUEL,,JR, | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,626.80 | $1,609.37 | $493.85 | $3,730.02 |
| MORTON,RONALD | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,080.66 | $1,080.66 |
| PACHECO,MAGDALENO, | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,661.66 | $1,539.65 | $46.48 | $3,247.79 |
| RODRIGUEZ,JESUS,C, | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,149.70 | $3,776.50 | $1,313.08 | $7,239.28 |
| SCOTT,L,LIGHTCAP | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,561.86 | $3,866.11 | $2,296.85 | $7,564.82 |
| Unreported Total Gross Wage | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $11,515.42 | $17,650.78 | $9,627.17 | $38,793.37 |
| **Amounts Due** | | | | | | | | | | | | | |
| Working Dues | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $374.25 | $573.65 | $312.88 | $1,260.78 |
| Total Liability | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $374.25 | $573.65 | $312.88 | $1,260.78 |
| **Rates** | | | | | | | | | | | | | |
| Working Dues | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | |

## Mike Fasula Conc Construction
### SUMMARY OF AMOUNTS DUE - LOCAL 32-S
#### October 1, 2002 To December 31, 2006

|  | 2002 | 2003 | 2004 | 2005 | 2006 | TOTAL |
|---|---|---|---|---|---|---|
| PENSION |  |  |  | $ 2,425.80 | $ 126.60 | $ 2,552.40 |
| WELFARE NC |  |  |  | $ 10,107.50 | $ 617.18 | $ 10,724.68 |
| TRAINING |  |  |  | $ 101.14 | $ 5.28 | $ 106.42 |
| WORKING DUES |  |  |  | $ 717.96 | $ 40.85 | $ 758.81 |
| TOTAL DUE | $ - | $ - | $ - | $ 13,352.40 | $ 789.91 | $ 14,142.31 |

**Mike Fasula Conc. Const. CLPWAF**
**Unreported Total Hours**
**For period 1/1/2005 - 12/31/2005**
**Local: 32-S***

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ASTUDILLO,ASCENCION | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 38.50 | 0.00 | 38.50 |
| BERG,THOMAS,R, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 71.50 | 34.50 | 40.50 | 146.50 |
| CAMACHO,ERNIE,R, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 206.75 | 111.00 | 78.50 | 396.25 |
| HOLLMAN,ANTHONY,L, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 204.75 | 119.50 | 85.00 | 409.25 |
| MENDEZ,MANUEL,,JR, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 136.50 | 115.50 | 61.50 | 313.50 |
| MORTON,RONALD | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 33.00 | 33.00 |
| PACHECO,MAGDALENO, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 134.00 | 113.00 | 45.00 | 292.00 |
| RANGEL,MARK | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 36.00 | 0.00 | 36.00 |
| RODRIGUEZ,JESUS,C, | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 104.50 | 39.00 | 0.00 | 143.50 |
| SCOTT,I.,LIGHTCAP | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 129.00 | 42.50 | 43.50 | 215.00 |
| Unreported Total Hours | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 987.00 | 647.50 | 387.00 | 2021.50 |
| **Amounts Due** | | | | | | | | | | | | | |
| Pension | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,184.40 | $777.00 | $464.40 | $2,425.80 |
| HC Welfare | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $4,935.00 | $3,237.50 | $1,935.00 | $10,107.50 |
| Training | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $49.37 | $32.40 | $19.37 | $101.14 |
| Total Liability | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6,168.77 | $4,046.90 | $2,418.77 | $12,634.44 |
| **Rates** | | | | | | | | | | | | | |
| Pension | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | |
| NC Welfare | 4.300 | 4.300 | 4.300 | 4.300 | 5.000 | 5.000 | 5.000 | 5.000 | 5.000 | 5.000 | 5.000 | 5.000 | |
| Training | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | |

## Mike Fasula Conc. Const. CLPWAF
## Unreported Gross Wages
### For period 1/1/2005 - 12/31/2005
### Local: 32-S*

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ASTUDILLO,ASCEHCION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $588.00 | $0.00 | $588.00 |
| BERG,THOMAS,R | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,252.00 | $612.00 | $648.00 | $2,512.00 |
| CANACHO,ERNIE,R | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $4,040.23 | $1,908.00 | $1,256.00 | $7,204.23 |
| HOLLIMAN,ANTHONY,L, | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,997.75 | $2,016.00 | $1,360.00 | $7,373.75 |
| MENDEZ,MANUEL,,JR, | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,420.00 | $1,964.00 | $984.00 | $5,368.00 |
| MORTON,RONALD | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $581.00 | $581.00 |
| PACHECO,MAGDALENO, | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,372.00 | $1,896.00 | $720.00 | $4,988.00 |
| RANGEL,MARK | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $576.00 | $0.00 | $576.00 |
| RODRRIGUEZ,JESUS,C, | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,218.25 | $788.50 | $0.00 | $3,006.75 |
| SCOTT,L,LIGHTCAP | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,284.00 | $740.00 | $696.00 | $3,720.00 |
| Unreported Total Gross Wage | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $16,584.23 | $11,068.50 | $8,225.00 | $35,897.73 |
| **Amounts Due** | | | | | | | | | | | | | |
| Working Dues | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $371.69 | $221.77 | $124.50 | $717.96 |
| Total Liability | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $371.69 | $221.77 | $124.50 | $717.96 |
| **Rates** | | | | | | | | | | | | | |
| Working Dues | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | |

**Mike Fasula Conc. Const. CLPWAF**
**Unreported Total Hours**
**For period 1/1/2006 - 12/31/2006**
**Local: 32-S***

|  | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RODRIGUEZ, JESUS, C, | 0.00 | 0.00 | 0.00 | 0.00 | 105.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 105.50 |
| Unreported Total Hours | 0.00 | 0.00 | 0.00 | 0.00 | 105.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 105.50 |
| **Amounts Due** | | | | | | | | | | | | | |
| Pension | $0.00 | $0.00 | $0.00 | $0.00 | $126.60 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $126.60 |
| NC Welfare | $0.00 | $0.00 | $0.00 | $0.00 | $617.18 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $617.18 |
| Training | $0.00 | $0.00 | $0.00 | $0.00 | $5.28 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $5.28 |
| Total Liability | $0.00 | $0.00 | $0.00 | $0.00 | $749.06 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $749.06 |
| **Rates** | | | | | | | | | | | | | |
| Pension | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | 1.200 | |
| NC Welfare | 5.000 | 5.000 | 5.000 | 5.000 | 5.850 | 5.850 | 5.850 | 5.850 | 5.850 | 5.850 | 5.850 | 5.850 | |
| Training | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | |

# Mike Fasula Conc. Const. CLPWAF
## Unreported Gross Wages
### For period 1/1/2006 - 12/31/2006
#### Local: 32-S*

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **RODRIGUEZ,JESUS,C,** | | | | | | | | | | | | | |
| Unreported Total Gross Wage | $0.00 | $0.00 | $0.00 | $0.00 | $2,042.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,042.50 |
| **Amounts Due** | | | | | | | | | | | | | |
| Working Dues | $0.00 | $0.00 | $0.00 | $0.00 | $40.85 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $40.85 |
| Total Liability | $0.00 | $0.00 | $0.00 | $0.00 | $40.85 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $40.85 |
| **Rates** | | | | | | | | | | | | | |
| Working Dues | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | 2.00% | |

## Mike Fasula Conc Construction

### SUMMARY OF AMOUNTS DUE - LOCAL NBG

October 1, 2002 To December 31, 2006

| | 2002 | 2003 | 2004 | 2005 | 2006 | TOTAL |
|---|---|---|---|---|---|---|
| PENSION | | | | $ 2,771.60 | | $ 2,771.60 |
| WELFARE NC | | | | $ 2,340.00 | | $ 2,340.00 |
| ANNUITY NI | | | | $ 1,128.40 | | $ 1,128.40 |
| TRAINING | | | | $ 312.00 | | $ 312.00 |
| LECET NC | | | | $ 62.40 | | $ 62.40 |
| MRFFC NC | | | | $ 52.00 | | $ 52.00 |
| ORG NC | | | | $ 41.60 | | $ 41.60 |
| CIAF | | | | $ 171.60 | | $ 171.60 |
| MKT P NC | | | | $ 15.60 | | $ 15.60 |
| VACATION NC | | | | $ 546.00 | | $ 546.00 |
| WORKING DUES | | | | $ 392.76 | | $ 392.76 |
| | | | | | | |
| TOTAL DUE | $ - | $ - | $ - | $ 7,833.96 | $ - | $ 7,833.96 |

Mike Fasula Conc. Const. CLPWAF
Unreported Total Hours
For period 1/1/2005 - 12/31/2005
Local: NBG

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **FASULA,MICHAEL J,** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 160.00 | 160.00 | 200.00 | 520.00 |
| **Unreported Total Hours** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 160.00 | 160.00 | 200.00 | 520.00 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $852.80 | $852.80 | $1,066.00 | $2,771.60 |
| WELFARE NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $720.00 | $720.00 | $900.00 | $2,340.00 |
| ANNUITY NI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $347.20 | $347.20 | $434.00 | $1,128.40 |
| TRAINING | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $96.00 | $96.00 | $120.00 | $312.00 |
| LECET NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $19.20 | $19.20 | $24.00 | $62.40 |
| MRFFC NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $16.00 | $16.00 | $20.00 | $52.00 |
| ORG NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $12.80 | $12.80 | $16.00 | $41.60 |
| CIAF | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $52.80 | $52.80 | $66.00 | $171.60 |
| MKT P* NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $4.80 | $4.80 | $6.00 | $15.60 |
| VACATION NC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $168.00 | $168.00 | $210.00 | $546.00 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,289.60 | $2,289.60 | $2,862.00 | $7,441.20 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 0.000 | 0.000 | 0.000 | 0.000 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | 5.330 | |
| WELFARE NC | 0.000 | 0.000 | 0.000 | 0.000 | 4.500 | 4.500 | 4.500 | 4.500 | 4.500 | 4.500 | 4.500 | 4.500 | |
| ANNUITY NI | 0.000 | 0.000 | 0.000 | 0.000 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | 2.170 | |
| TRAINING | 0.000 | 0.000 | 0.000 | 0.000 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | |
| LECET NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | |
| MRFFC NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | |
| ORG NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | 0.080 | |
| CIAF | 0.000 | 0.000 | 0.000 | 0.000 | 0.330 | 0.330 | 0.330 | 0.330 | 0.330 | 0.330 | 0.330 | 0.330 | |
| MKT P* NC | 0.000 | 0.000 | 0.000 | 0.000 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | 0.030 | |
| VACATION NC | 0.000 | 0.000 | 0.000 | 0.000 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | |

## Mike Fasula Conc. Const. CLPWAF
### Unreported Gross Wages
### For period 1/1/2005 - 12/31/2005
### Local: NBG

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FASULA, MICHAEL, J. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,718.40 | $3,718.40 | $4,648.00 | $12,084.80 |
| Unreported Total Gross Wage | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,718.40 | $3,718.40 | $4,648.00 | $12,084.80 |
| **Amounts Due** | | | | | | | | | | | | | |
| Working Dues | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $120.85 | $120.85 | $151.05 | $392.76 |
| Total Liability | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $120.85 | $120.85 | $151.05 | $392.76 |
| **Rates** | | | | | | | | | | | | | |
| Working Dues | 0.00% | 0.00% | 0.00% | 0.00% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | 3.25% | |